In the Matter of the Petition of GERMANTOWN TRUST COMPANY, as Executor, etc., of THOMAS M. HALSEY, Deceased, to Render and Settle the Account of the Said THOMAS M. HALSEY, Deceased, as the Executor of the Last Will and Testament of ALICE D. S. HALSEY, Deceased. ALLEN J. FRICK, as Executor, etc., of ELEANOR HALSEY FRICK, Deceased, Appellant, GERMANTOWN TRUST COMPANY, as Executor, etc., of THOMAS M. HALSEY, Also Known as THOMAS MESSENGER HALSEY, Deceased, Accounting Herein as the Executor of a Deceased Executor on Behalf of THOMAS M. HALSEY, as Executor, etc., of ALICE D. S. HALSEY, Deceased, FREDERICK A. KECK, as Special Guardian of ANNE E. SHIPLEY and Others, Infants; THOMAS E. SHIPLEY and WALTER PENN SHIPLEY, as Successor Trustees, etc., of ALICE D. S. HALSEY, Deceased, WALTER F. KIRSTEN, as Executor, etc., of ELIZA HALSEY WELLS, Deceased and Others, Respondents.— Decree of the Surrogate's Court of Kings County settling the accounts of the executor

under the will of Alice D. S. Halsey, deceased, and interpreting the third paragraph of said will, in so far as appealed from, affirmed, with costs to each party filing a brief, payable out of the estate of Alice D. S. Halsey, deceased. No opinion. Hagarty, Carswell, Johnston and Adel, JJ., concur; Lazansky, P. J., dissents, with the following memorandum: Reading the will as of the death of the testator, there are at least two alternative conditions which might develop under the express terms thereof: (a) death of a daughter after the death of the life tenant with issue surviving, in which event the trust would be valid; (b) death of a daughter, after the death of a life tenant, without issue, which would mean a suspension of alienation for three lives as to the gift to the daughter so dying. The learned surrogate in his opinion refers to a third eventuality, viz., death of a daughter without issue before the life tenant, in which event the trust for her would be valid for the benefit of the other daughter and thus there would be no illegal suspension. The last alternative has come to pass and it has been held that the trust for the daughter dying during the lifetime of the life tenant never came into effect and, therefore, upon the death of the life tenant, only one trust ensued. This result would be valid had testator made specific provision therefor. No reference is made to a death during the life of the life tenant. The only death referred to is one after the death of the life tenant. An alternative may be effective only when the will expressly mentions it. (*Matter of Wilcox*, 194 N. Y. 288, at p. 294 [quoting from Gray's work on Perpetuities]; Chaplin on Suspension of the Power of Alienation [3d ed.], § 538, p. 407.) Merely because the unmentioned event has happened does not call for its recognition.